Ira C. WHITE, Appellant,

v.

STATE of Indiana, Appellee.

No. 71S00–9402–CR–155.

Supreme Court of Indiana.

Aug. 10, 1994.

Brian J. May, South Bend, for appellant.

Pamela Carter, Atty. Gen., Jodi Kathryn Rowe, Deputy Atty. Gen., for appellee.

GIVAN, Judge.

In a bench trial, appellant was found guilty of Murder and three counts of Criminal Recklessness, a Class D felony. He received a sentence of sixty (60) years on the Murder charge and three (3) years each on the Criminal Recklessness counts.

The facts are: On October 19, 1992, Valerie Diggins and her two sons, Columbus and Cortez Coleman, were visiting Ms. Diggins' mother at 201 East Pennsylvania Avenue in South Bend. The boys were playing in the front yard at their grandmother's home and their mother was in the yard talking to Olivia Harris.

A car drove up and stopped nearby and Steve Gavin and appellant got out. Appellant's brother, Chris White, was standing nearby and informed appellant that Marty Henderson and Willie Jones had tried to "jump him." Appellant started walking toward the residence at 201 East Pennsylvania. As he approached, he drew a handgun and began to shoot in the direction of Henderson and Jones. Ms. Diggins and her boys were in the line of fire. Ms. Diggins hurriedly got the boys inside the house. Then she discovered that Columbus was hit in the back. An ambulance arrived but Columbus died later in the hospital.

During the shooting, appellant shouted that he would kill both men, referring to Henderson and Jones. Then he shouted that he would kill everybody in the house. Appellant emptied his gun, ran back to the car, reloaded the gun, and continued to shoot toward the house. The police apprehended appellant and obtained a handgun that had been used in the shooting.

■ Appellant claims there is insufficient evidence to convict him of murder. Appellant argues because there was no intent to kill Columbus Coleman and because he was convicted of three acts of criminal recklessness, it would therefore follow that the firing of the shot which killed Columbus Coleman was an act of criminal recklessness. Thus, he contends he should be found guilty of reckless homicide rather than murder.

■ We cannot agree with appellant in this analysis. There is no question that appellant intended to kill Henderson and Jones in that he specifically so stated. The shot

that killed Columbus Coleman was intended for the two men at whom appellant was firing. Under the doctrine of transferred intent, when a person deliberately attempts to kill another but in the process kills a third person, his intent to kill is transferred and he may be found guilty of murder of the person who was killed. *Norris v. State* (1981), 275 Ind. 608, 419 N.E.2d 129; *Taylor v. State* (1973), 260 Ind. 264, 295 N.E.2d 600, *cert. denied,* 414 U.S. 1012, 94 S.Ct. 377, 38 L.Ed.2d 250. The trial court did not err in finding appellant guilty of the murder of Columbus Coleman.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and SULLIVAN, JJ., concur.