James DANIELS, Defendant–Appellant,

v.

STATE of indiana, Plaintiff–Appellee.

No. 49S00–9605–CR–362.

Supreme Court of Indiana.

July 22, 1997.

Michael R. Fisher, Indianapolis, for Defendant–Appellant.

Pamela Carter, Attorney General, Phillip D. Hatfield, Deputy Attorney General, Indianapolis, for Plaintiff–Appellee.

DICKSON, Justice.

The defendant-appellant, James Daniels, appeals his convictions for Murder,[1] Carrying a Handgun without a License,[2] a Class C felony, and the imposition of a habitual offender enhancement.[3] The defendant was sentenced to sixty years for Murder (enhanced to ninety years due to the habitual offender finding) and one-and-a-half years on the C felony, to run concurrently.

■ Both of the defendant's arguments involve a calendar found at his residence.

1. IND.CODE § 35–42–1–1 (1993).

2. IND.CODE § 35–47–2–1 (1993).

3. IND.CODE § 35–50–2–8 (1993).

He first contends that the trial court violated the Fourth Amendment to the United States Constitution[4] because it failed to suppress a calendar seized from the defendant's residence. In reviewing the trial court's ruling on the admission of evidence seized during a search, we consider the evidence favorable to the trial court's ruling and any uncontradicted substantial evidence to the contrary to determine whether there is sufficient evidence to support the ruling. *Peterson v. State,* 674 N.E.2d 528, 532 (Ind.1996).

■ The defendant argues that the police cannot seize items not identified in the warrant, noting that the calendar was not listed on the warrant. However, under the plain view doctrine, the police may seize evidence not identified in a warrant when two conditions are met: (1) the police must have been "lawfully located in a place from which the object can be plainly seen" and (2) the police "must also have a lawful right of access to the object itself." *Horton v. California,* 496 U.S. 128, 137, 110 S.Ct. 2301, 2308, 110 L.Ed.2d 112, 123 (1990); *Taylor v. State,* 659 N.E.2d 535, 538 (Ind.1995).

■ The first condition requires that the initial intrusion must have been authorized under the Fourth Amendment and that the item was in plain view. *Horton* 496 U.S. at 137, 110 S.Ct. at 2308, 110 L.Ed.2d at 123; *Taylor,* 659 N.E.2d at 538. On appeal, the defendant does not contest the validity of the warrant, nor does he deny that the police lawfully executed the warrant when they entered his residence. Rather, he argues that the State presented no evidence that the calendar was in plain view. We disagree. Sergeant Michael Crooke, supervisor of the Indianapolis Police Department Homicide Unit, testified that he recovered the calendar from the top of the dining room table and that he saw the calendar when he walked into the house. This testimony sufficiently establishes that the calendar was in plain view.

■ The second condition requires that the incriminating nature of the evidence be immediately apparent. *Horton,* 496 U.S. at 136, 110 S.Ct. at 2308, 110 L.Ed.2d at 123. The "immediately apparent" prong of the plain view doctrine requires that law enforcement officials have probable cause to believe the evidence will prove useful in solving a crime. *Taylor,* 659 N.E.2d at 538. Sergeant Crooke testified that an eyewitness "indicated that the suspect [who] had done the shooting was a person by the name of Jay–Dog." Record at 449. He testified that the calendar on the table at the defendant's residence was seized because it had the words "Jay–Dog" written on the upper left hand corner. This sufficiently establishes that the police had probable cause to believe the calendar would prove useful in solving the murder, specifically because the calendar found at the defendant's residence provided information as to the identity of "Jay–Dog." We decline the defendant's claim of unlawful search and seizure.

■ The defendant's remaining issue relates to the admission and use of the calendar at trial. The State claims that the defendant failed to make an objection and therefore did not preserve this issue for appeal. We disagree. The defendant filed a motion to suppress the calendar and a motion in limine to prohibit the State from admitting any reference to the defendant's gang membership. Record at 195. The trial court denied the motion, stating that it didn't know "what context it's going to come up in and until I do then I'm going to deny your request." Record at 196. The defendant then asked that "a hearing be held concerning its admissibility outside the presence of the jury" before the calendar could be shown to the jury. Record at 197. Immediately prior to Sergeant Crooke's testimony, the defendant again raised the issue of the calendar and gang affiliation, stating that "rather than poison the jury's minds of hearing questions to which hopefully objections will be sustained" he asked that the court consider the motion in limine again. Record at 434–36.

---

4. Although the defendant also references the Indiana Constitution, he offers no cogent argument or case law as required by Indiana Appellate Rule 8.3 and, therefore, waives this claim.

*Bryant v. State,* 660 N.E.2d 290, 300 n. 21 (Ind. 1995), *cert. denied* —— U.S. ——, 117 S.Ct. 293, 136 L.Ed.2d 213 (1996); *Fair v. State,* 627 N.E.2d 427, 430 n. 1 (Ind.1993).

The reason we bring this up now as opposed to prior to the admission of the document when normally those objections would be made is that we feel that the document potentially could be so inflammatory and prejudicial that it would be an evidentiary harpoon if cast in front of the jury.

Record at 440. The defendant continued to argue that there were "three or four alternative ways of getting relevant information without the prejudice ... [which] far outweighs any small amount of probative value," Record at 443, and even offered to stipulate that his street name was "Jay–Dog." The court noted the objection for the record and overruled it. *Id.* As the State sought to introduce the calendar into evidence, the defendant again objected and was again overruled. Record at 477. We find that these objections sufficiently preserved the issue for appeal.[5]

The victim in this case, Robert Grundy, was shot three times in the neck, face and chest while standing with several others outside a Church's Fried Chicken restaurant. The victim's sister testified that she clearly saw the assailant as he was shooting her brother and that she knew him as "Jay–Dog." She identified the defendant from a photographic lineup and, at trial, she made an in-court identification, stating she had "no doubt" that the defendant shot her brother. Record at 254. As noted above, a 9½ by 15 inch calendar was confiscated from the defendant's home. The top left corner contained the words "Jay–Dog." The rest of the page contained a drawing of a handgun, with the initials of the defendant written on it, and gang-related sayings, such as "West Side Gangsta," "Hell Bound," "Devilz Ain't [expletive deleted]," "Gun Play," and 2TG. The back of the calendar had another drawing of a gun and the recitation of various types of firearms—".38 spl," ".25 auto," etc.

At trial, Sergeant Crooke testified as to the significance of "Jay–Dog" and also testi-fied that the rest of the language "would be considered a form of gang graffiti" and possibly a "particular gang itself." Record at 482.

Relevant evidence may be excluded by the trial court if the probative value is substantially outweighed by the danger of unfair prejudice or needless presentation of cumulative evidence. Ind.Evidence Rule 403. We review such rulings for abuse of discretion. *Ross v. State,* 676 N.E.2d 339, 346 (Ind.1996).

■ We find that the calendar and the related testimony of Sergeant Crooke had a clear prejudicial effect because of its gang-related statements and drawings of guns. We also conclude that the calendar presented only slight probative value in identifying the defendant as the assailant. However, the error was harmless in light of the other evidence clearly establishing the defendant's guilt. When a trial court erroneously excludes or admits evidence, if its "probable impact on the jury, in light of all the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties," the error is harmless. *Schwestak v. State,* 674 N.E.2d 962, 965 (Ind.1996); Ind.Trial Rule 61.

In the case at bar, the State presented testimony from the victim's sister, an eyewitness. She knew who the defendant was before the shooting, she unequivocally identified the defendant in court as her brother's assailant, and she also identified the defendant twice prior to trial. We find that the admission and use of the calendar at trial, even if error, was harmless. The substantial rights of the defendant were not affected.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, SELBY and BOEHM, JJ., concur.

---

5. The defendant objected to the admission of this calendar on several grounds: (1) the references to gangs and guns were so prejudicial that they outweighed any probative value from "Jay–Dog;" (2) Indiana Evidence Rule 404—character evidence and prior bad acts—did not support its admission; (3) the evidence was cumulative; and (3) and that there had been no foundation laid establishing that the defendant was the author of the writings on the calendar. On appeal he asserts the first and second objections. Because we find merit in the first ground, and because it is necessarily a consideration under the second ground asserted, we do not address the merits of the second objection.