Aaron BLANCHE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S00–9611–CR–700.

Supreme Court of Indiana.

Jan. 29, 1998.

Walter E. Bravard, Indianapolis, for Appellant.

Jeffrey A. Modisett, Attorney General, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee.

SELBY, Judge.

Appellant Aaron Blanche was convicted by a jury of attempted murder, resisting law enforcement, and carrying a handgun without a license. The jury also found him to be a habitual offender. The trial court imposed the following sentences to be served consecutively: forty-five years for attempted murder enhanced by thirty years as a habitual offender, eight years for carrying a handgun without a license, and one year for resisting law enforcement.

In this direct appeal, Appellant raises the following issues: 1) Was the evidence insufficient to support the convictions? 2) Was the jury improperly instructed on the specific intent required for conviction of attempted murder? 3) Should the master commissioner have recused himself? and 4) Is the sentence manifestly unreasonable? We answer these questions "no" and affirm.

## FACTS

Early in the morning on May 5, 1995, Stacy Reed and his friend stopped at an Indianapolis store to buy a pack of cigarettes. The friend stayed in the car as Reed entered the store. Appellant was already in the store parking lot in another car. Appellant followed Reed into the store. The two men knew each other, and Reed's wife had recently testified against Appellant in another criminal prosecution. In the store that morning, Appellant commented on this testimony in such a way as to frighten Reed. Reed left the store, got into the car and told his friend to drive away. The friend was unable to put the car in gear, however, because in his haste to get in the car, Reed had knocked off the gear shift knob.

Meanwhile, Appellant followed Reed to the car, drew a gun, pointed it directly at Reed's head, and said he was going to kill Reed. Appellant pulled the trigger, but the gun did not fire. After hitting the gun several times against his hand, Appellant then fired it through the car window directly at Reed. The bullet missed Reed, but struck his friend's right thigh. Appellant tried to shoot again, but the gun malfunctioned and no more shots were fired despite Appellant's continued efforts.

When a third car approached, Appellant ran. This third car was driven by an off-duty sheriff's deputy who had been in the parking lot and heard the gun shot. The deputy and other law enforcement officers pursued Appellant by car and on foot. A uniformed Indianapolis patrol officer found Appellant near an apartment complex and ordered him to stop, but Appellant ran away. Ultimately, the officer was able to arrest Appellant.

Police found a gun near the area where the chase had taken place, and Reed identified it as similar to the one Appellant used. Tests showed that the bullet recovered from the scene was fired from this gun. Examination showed that one reason the gun would not fire properly was because it had been loaded with some bullets of the wrong size.

DISCUSSION

I. Sufficiency of the Evidence

Appellant begins this section of his brief with the assertion that the evidence was insufficient to support any of his convictions, but proceeds to support that assertion with argument only on the attempted murder conviction. To the extent that he challenges the sufficiency of the evidence for resisting law enforcement and carrying a handgun without a license, these arguments are waived for failing to make a cogent argument. *See Daniels v. State,* 683 N.E.2d 557, 559 n. 4 (Ind.1997). Even absent waiver, we find overwhelming evidence to support both of these convictions.

■ We turn, then, to the evidence of attempted murder. When examining the sufficiency of evidence, we neither reweigh the evidence nor resolve questions of credibility; rather, we consider only the evidence most favorable to the judgment together with all reasonable inferences to be drawn from that evidence. *Deckard v. State,* 670 N.E.2d 1, 3 (Ind.1996). We affirm if, considering that evidence and those inferences, we find substantial evidence of probative value to support the judgment. *Minter v. State,* 653 N.E.2d 1382, 1383 (Ind.1995).

To obtain a conviction for attempted murder, the State must prove beyond a reasonable doubt that the defendant, while acting with the specific intent to kill another person, engaged in conduct constituting a substantial step toward the killing. Ind.Code §§ 35–41–5–1(a) & 35–42–1–1 (1993); *Greenlee v. State,* 655 N.E.2d 488, 492 (Ind.1995).

■ At Appellant's trial, two eyewitnesses testified that Appellant pointed the gun directly at Reed, that Appellant said he was going to kill Reed, and that Appellant pulled the trigger several times, and discharged the gun in close proximity to Reed. In view of this evidence, Appellant's argument that there is no direct or circumstantial evidence that he intended to kill Reed fails. Not only was there evidence that Appellant expressly stated he would kill Reed, Appellant's actions manifested that intent when he aimed and fired the gun in Reed's direction. *See Taylor v. State,* 681 N.E.2d 1105, 1111 (Ind.1997) (intent to commit murder may be inferred from the intentional use of a deadly weapon in a manner likely to cause death). Appellant's intention was also demonstrated by his repeated, though mostly unsuccessful, attempts to fire the gun at Reed. *See Parks v. State,* 513 N.E.2d 170, 171 (Ind.1987). That Appellant's aiming and shooting the gun directly at Reed was a substantial step toward the killing is obvious.

■ Appellant provides no citation to support his contention that there was no evidence of his intent to kill Reed merely because the bullet struck Reed's friend instead, and the doctrine of "transferred intent" provides to the contrary. Under the doctrine, a defendant's intent to kill one person is transferred when, by mistake or inadvertence, the defendant kills a third person; the defendant may be found guilty of the murder of the person who was killed, even though the defendant intended to kill another. *White v. State,* 638 N.E.2d 785, 786 (Ind.1994). This doctrine also applies to the intent necessary for attempted murder. *Straub v. State,* 567 N.E.2d 87, 90–1 (Ind.1991) (establishing that state need not introduce evidence that the defendant intended to kill the actual victim, but only that the defendant intended to kill someone). The conviction for attempted murder was supported by sufficient evidence.

## II. Attempted Murder Jury Instruction

Appellant contends that his conviction for the attempted murder of Stacy Reed must be reversed because the trial court gave an erroneous instruction on attempted murder.[1] Appellant argues that the instruction was erroneous because it did not adequately instruct the jury that it must find that Appellant intended to kill Reed as explained in *Spradlin v. State*, 569 N.E.2d 948, 950 (Ind.1991).

It is now well established that an instruction setting forth the elements of attempted murder must inform the jury that the State is required to prove that the defendant, with intent to kill the victim, engaged in conduct that was a substantial step toward such killing. *Id.* By the *Spradlin* standard, the instruction given here fails to clearly inform the jury that Appellant must have intended to kill Reed when he discharged the gun.

Normally, when the defendant timely objects to an erroneous instruction on the elements of attempted murder and the trial court fails to correct the instruction, the conviction will be reversed. *Yerden v. State*, 682 N.E.2d 1283, 1286 (Ind.1997). Here, however, because Appellant failed to object at trial, the trial court was deprived of an opportunity to promptly correct the error, and Appellant has failed to preserve this issue for our review. Ind.Criminal Rule 8(H); *Hodges v. State*, 524 N.E.2d 774, 787 (Ind.1988); *see also State v. Daniels*, 680 N.E.2d 829, 835 (Ind.1997).

Appellant seeks to avoid this procedural forfeiture on the ground that the defective instruction constitutes fundamental error which deprived him of his right to a fair trial, and, on occasion, we have concluded that an erroneous attempted murder instruction resulted in fundamental error. *See, e.g., Clark v. State*, 668 N.E.2d 1206, 1210 (Ind.1996), *cert. denied* —— U.S. ——, 117 S.Ct. 1438, 137 L.Ed.2d 545 (1997).

However, not every defective attempted murder instruction results in fundamental error. Where, for instance, the primary issue at trial was not the defendant's intent, but the defendant's identity, we have found no fundamental error. *Goudy v. State*, 689 N.E.2d 686, 693–694 (Ind.1997); *Jackson v. State*, 575 N.E.2d 617, 621 (Ind.1991); *see also Swallows v. State*, 674 N.E.2d 1317, 1318 (Ind.1997) (on post-conviction).

Such is the case here. Appellant's defense was one of innocence and mistaken identity; indeed, Appellant has maintained throughout that he was not the person who shot a gun at Reed. Appellant's cross examination of the witnesses at trial clearly demonstrates that this was the defense strategy, and this defense was expressly stated at the sentencing hearing. Therefore, no fundamental error occurred. *See Jackson*, 575 N.E.2d at 621.

## III. Recusal of Trial Judge

Appellant claims the trial court committed reversible error when the master commissioner who presided over trial denied Appellant's last minute motion for change of judge. Ind.Criminal Rule 12(B). Appellant first moved for a change of judge on the morning of the sentencing hearing while the parties and the trial court reviewed the presentence report. Appellant's counsel noted

---

1. The trial court gave the following instruction:
   *ATTEMPT MURDER*

   The crime of Murder is defined by statute as follows:
   A person who knowingly kills another human being, commits Murder, a Felony.
   A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime.
   To convict the defendant of Attempted Murder, the State must prove each of the following elements:

   1. the defendant
   2. knowingly
   3. with intent to kill
   4. engaged in conduct
   5. which was a substantial step toward the commission of the crime of Murder which is to knowingly kill another human being.

   If the State fails to prove each of these elements, you should find the defendant not guilty.
   If the State does prove each of these elements beyond a reasonable doubt you should find the defendant guilty of the crime of Attempt Murder, a Class A felony.
   [R. 69]

that the report indicated that Appellant was linked to membership in a particular gang, and asked the master commissioner to recuse himself on grounds that he had earlier represented another member of the same gang. Addressing his remarks to the court, Appellant's counsel indicated that Appellant "felt uncomfortable that you might have been privy to information in your capacity as defense attorney that may have influenced some of your rulings in this case." The master commissioner acknowledged that he had represented the purported gang member, but declined to recuse himself and explained that his representation of this other person was on a federal weapon possession charge which was unrelated to gang activity. Appellant does not question the factual accuracy of the judge's response.

■■■■■ All defendants in a criminal prosecution have a due process right to trial before an impartial tribunal. *See Harrington v. State*, 584 N.E.2d 558, 561 (Ind.1992). Under our current rule, a request for change of judge due to bias or prejudice should be granted if the historical facts recited support a reasonable inference of bias or prejudice. Ind.Criminal Rule 12(B).[2] Accordingly, a change of judge is neither "automatic" nor "discretionary." *See Whitehead v. Madison County Circuit Court*, 626 N.E.2d 802, 803 (Ind.1993) (interpreting identical language governing a change of judge in post-conviction proceedings).

Even Appellant acknowledges that it was unlikely that any bias affected the verdict because the master commissioner granted Appellant's motion in limine which prohibited any reference to gang affiliation. We also note that the master commissioner struck the reference to gang affiliation from the presentence report.

■■■■ Appellant does suggest, however, that the master commissioner may have been improperly persuaded to impose the maximum sentence, at least in part, on account of Appellant's purported gang activity. We perceive no support for this contention in the record. The master commissioner's earlier representation of the other purported gang member was in a prosecution unrelated in any way to Appellant's, and gang affiliation had no role in that prosecution either. Also, as explained in the next section, Appellant's sentence was not erroneous, and there is no suggestion in the record that the trial court was biased in imposing it. *See Radcliff v. State*, 579 N.E.2d 71, 73 (Ind.1991) (giving maximum sentence does not necessarily demonstrate bias or prejudice). We also note that Canon 3(E) of the Code of Judicial Conduct would not require the master commissioner to have recused himself. We conclude that the facts recited by Appellant's counsel do not support a rational inference of bias or prejudice. Therefore, denial of Appellant's motion for change of judge was not error.

## IV. Sentence

Finally, Appellant argues that his sentence is manifestly unreasonable. The trial court sentenced Appellant to forty-five years for attempted murder enhanced by thirty years as a habitual offender, eight years for carrying a handgun without a license, and one year for resisting law enforcement. Each of these sentences is the maximum enhanced term Appellant could have received. The sentences were also ordered to be served consecutively.

■■■■ Appellant acknowledges the high burden he shoulders on appeal, for sentencing decisions rest within the sound discretion of the trial court and are reversed only for an abuse of that discretion. *Morgan v. State*, 675 N.E.2d 1067, 1072 (Ind.1996). We do not revise a sentence authorized by statute except where the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind.Appellate Rule 17(B). Appellant concedes that

2. This version of Criminal Rule 12(B) became effective July 1, 1995, some two weeks before Appellant requested the change of judge. Accordingly, we apply it to Appellant's case. We note that Appellant's motion may have been untimely—the record is unclear about when Appellant first knew about the master commissioner's prior representation—and in a form not prescribed by the rule—the motion was not in writing or accompanied by Appellant's affidavit. Crim.R. 12(A). However, the State does not raise either of these matters, and we decide the issue on its merits.

the trial court had discretion to enhance a presumptive sentence, Ind.Code § 35–38–1–7.1(b) (Supp.1994) and to determine whether sentences on multiple convictions should run concurrently or consecutively. Ind.Code § 35–50–1–2 (Supp.1995). At the sentencing hearing, Appellant's counsel conceded that an enhanced sentence for attempted murder was authorized, but asked the trial court to exercise its discretion and order the other sentences to be served concurrently.

■ Appellant contends that the trial court improperly considered some aggravating circumstances and failed to consider some mitigating circumstances. Ind.Code § 35–38–1–7.1 (Supp.1994). First, he argues that the trial court improperly considered the aggravating circumstance that imposition of a reduced sentence would depreciate the seriousness of Appellant's offense. Appellant correctly notes that this was not a proper aggravating circumstance in his case because there is no evidence in the record that the trial court was considering imposing a sentence shorter than the presumptive term. *See Widener v. State,* 659 N.E.2d 529, 533 (Ind.1995).

Even so, we have held that the improper use of this aggravating circumstance does not invalidate a sentence enhancement where other valid aggravating circumstances exist. *Isaacs v. State,* 673 N.E.2d 757, 765 n. 6 (Ind.1996). Here, Appellant does not challenge the validity of two other aggravating circumstances—his lengthy history of criminal and delinquent activity, and his prior probation violations. Therefore, the trial court's reference to one improper aggravator does not necessarily show that the sentence is manifestly unreasonable.

■ Second, Appellant argues that the trial court failed to explain its reasons for finding as another aggravating circumstance that Appellant was in need of correctional and rehabilitative treatment that could best be provided by a period of incarceration in excess of the presumptive term. Appellant correctly notes we have held that, as part of its duties, a trial court's sentencing statement should list the facts that led the court to find each aggravating circumstance to guard against arbitrary sentences and provide an adequate basis for appellate review.

*Morgan,* 675 N.E.2d at 1073–4. More specifically, we have held that with regard to this aggravating circumstance, the trial court should provide a specific statement about why the defendant needs treatment for a period of time longer than the presumptive sentence. *Battles v. State,* 688 N.E.2d 1230, 1235–36 (Ind.1997). As in *Battles,* this trial court did not explain why Appellant needed treatment for a period longer than the presumptive term, and, therefore, the trial court erroneously considered this aggravating circumstance. *Id.* at 1236. We find this error to be harmless, however, because Appellant's lengthy criminal history suffices to support the enhanced sentences. *Id.*

■ Third, Appellant contends that the trial court failed to weigh the aggravating circumstances against "mitigating factors clearly present in the record." The trial court did not find any mitigating circumstances. On appeal, Appellant argues that the trial court should have considered as mitigating circumstances Appellant's "troubled youth" and his remorse. At the sentencing hearing, however, Appellant's counsel conceded that "we're not in a position for remorse because Mr. Blanche did not do it," and no evidence was presented about Appellant's background other than what was contained in the pre-sentence report. Appellant made no argument about the effects or facts of his background.

■ Unless significant mitigating factors are clearly present in the record, a trial court is not required to find mitigating factors or to explain why it has chosen not to do so. *Jones v. State,* 675 N.E.2d 1084, 1088 (Ind.1996). Evidence of a troubled childhood does not require a trial court to find it a mitigating circumstance. *Page v. State,* 615 N.E.2d 894, 896 (Ind.1993). We find no error concerning mitigating circumstances in this record.

Fourth, Appellant argues that the trial court erroneously used the statutory elements of the crimes to enhance his sentence contrary to *Ector v. State,* 639 N.E.2d 1014, 1015 (Ind.1994), but we find no indication in the record to suggest that the sentence was impermissibly enhanced on this basis.

■ Finally, Appellant contends that the trial court was required, but failed, to state

separate reasons for imposing the enhanced sentences and for ordering the sentences to be served consecutively. Appellant relies only on isolated language in *Hunt v. State,* 550 N.E.2d 838, 845 (Ind.Ct.App.1990), *trans. denied,* without acknowledging other decisions expressly holding that there is neither any prohibition against relying on the same aggravating circumstances both to enhance a sentence and to order it served consecutively, nor any requirement that the trial court identify the factors that supported the sentence enhancement separately from the factors that supported consecutive sentences. *E.g., Isaacs v. State,* 673 N.E.2d 757, 765 (Ind.1996).

In summary, we conclude that Appellant's arguments do not demonstrate that his sentence is manifestly unreasonable. The trial court found two valid aggravating factors: (1) Appellant's criminal history, which began at age fourteen and included several instances of stealing, several instances of physical violence against others (including hitting a police officer), two prior convictions for carrying a handgun without a license and one prior conviction for resisting law enforcement and (2) Appellant's recent and repeated violation of probation. The trial court also noted that Appellant's prior convictions for carrying a handgun without a license and for resisting arrest, rendered the current convictions for those crimes more dangerous. The trial court found no mitigating factors, and none are compelled in this record. The record supports the sentence against the arguments presented by Appellant. "Because the trial court is in the best position to weigh the factors, we will not override its decision." *Isaacs,* 673 N.E.2d at 766. The sentence is not manifestly unreasonable.

CONCLUSION

We affirm Appellant's conviction and sentence.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.