Carl LEE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9811–CR–942.

Court of Appeals of Indiana.

Sept. 20, 1999.

Joseph M. Cleary, Hammerle Foster Allen & Long–Sharp, Timothy J. Burns, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James A. Garrard, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

MATTINGLY, Judge

Carl Lee appeals the trial court's denial of his motion to suppress evidence. He challenges whether the search warrant pursuant to which the evidence in question was seized was supported by probable cause. However, we address *sua sponte* the following determinative issue: whether the trial court erred in denying Lee's motion to suppress evidence police found in the pocket of a coat in a closet when the warrant under which the evidence

was obtained authorized only a search of an apartment for a particular person, i.e., Dante Adams.[1]

We reverse.

## FACTS AND PROCEDURAL HISTORY

On August 8, 1997, police began an investigation which ultimately led to Lee's arrest for Dealing in Cocaine, a Class A felony, Possession of Cocaine, a Class C felony, and Driving While Suspended, a Class A misdemeanor. In the course of the investigation, Detective Michael Turner of the Marion County Sheriff's Department obtained a search warrant for a bank safety deposit box registered to Dante Adams. An arrest warrant was issued for Adams after police found cocaine in the safety deposit box.

Police had information that Adams could be found at Lee's apartment and conducted surveillance of that apartment on August 25, 1997. Officers saw Lee and Adams leave the apartment. The officers gave pursuit, but lost Lee and Adams in traffic. The officers then returned to the apartment and resumed surveillance.

Shortly thereafter, Detective Turner obtained a warrant to search the apartment "for the following described property (person), to wit: 'Dante Adams'...." R. at 106. Prior to the execution of that search warrant, Lee returned to the apartment. He left the apartment carrying several suitcases and drove away. Lee was stopped by officers for failing to signal a turn and was arrested because his driver's license was suspended.

At this point the police, utilizing the search warrant for Adams, searched the apartment. During this search, an officer found some cocaine in the pocket of a coat located in a closet. Lee was then arrested and charged.[2] He filed a motion to suppress the cocaine found in his coat pocket. After a hearing, the trial court denied Lee's motion and Lee brought this interlocutory appeal.

## DISCUSSION AND DECISION

■■■ In reviewing a motion to suppress, we do not reweigh the evidence. *Carter v. State*, 686 N.E.2d 1254, 1258 (Ind.1997). Instead, we determine whether there was substantial evidence of probative value to support the trial court's order. *Id.* We look to the totality of the circumstances and consider all uncontroverted evidence together with conflicting evidence that supports the trial court's decision. *Whitfield v. State*, 699 N.E.2d 666, 668 (Ind.Ct.App.1998), *trans. denied*, 706 N.E.2d 171 (Ind.1998). The State has the burden of proof in establishing a foundation for the admission of contested evidence. *See, e.g., State v. Johanson*, 695 N.E.2d 965, 967 (Ind.Ct.App.1998) (alcohol breath test results); *Shipley v. State*, 620 N.E.2d 710, 715 (Ind.Ct.App.1993) (chain of custody of offered evidence).

■■■ A court "may issue warrants only upon probable cause, supported by oath or affirmation, to search any place for ... [a]ny person." Ind.Code § 35-33-5-1(a)(5). No warrant may be issued unless an affidavit is filed with the judge "particularly describing the person to be arrested[.]" *Id.* § 35-33-5-2(a)(1)(B). The particularity requirement restricts the scope of the search, authorizing seizure of only those things described in the warrant; a warrant which leaves the executing officer with discretion is invalid. *Green v. State*, 676 N.E.2d 755, 757 (Ind.Ct.App.

---

1. Lee argues that the search of his apartment was invalid to the extent it was based upon a bank safety deposit box search warrant which was itself subsequently determined to be invalid. He also argues the warrant to search his apartment for Adams was invalid because police had no probable cause to believe Adams was at Lee's apartment, as police had seen both Lee and Adams leave the apartment before the search warrant for Adams was obtained. However, we need not address the validity of the warrant to search the apartment for Adams because even if the warrant was valid, the evidence sought to be suppressed was outside the scope of the warrant. And because the issue of the scope of the search warrant for Adams is determinative of this appeal, we also need not address Lee's argument regarding the bank safety deposit box search warrant.

2. Adams was also arrested and charged in connection with the cocaine found in the safety deposit box. Adams filed a motion to suppress that evidence. The trial court granted his motion on the ground that Detective Turner did not act reasonably or in good faith in obtaining and executing the search warrant for the safety deposit box.

1996), *trans. denied,* 683 N.E.2d 589 (Ind. 1997). A warrant that authorizes an officer to search for particular items also provides authority to open closets, chests, drawers, and containers in which the items may be found. *Id.* at 758, *citing United States v. Ross,* 456 U.S. 798, 820–21, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) (warrant authorizing search of home for illegal weapons also authorizes opening closets, drawers, and other areas where the weapons might be found).

■ According to an Agreed Statement of Factual Record for Interlocutory Appeal, "[w]hile officers were searching the apartment for Dante Adams, Officer Marshall Trimmer saw a quantity of cocaine in the pocket of a coat [3] located in a closet." R. at 146 (footnote added). Adams was described as being 5'10" tall and weighing 180 pounds. *Id.* at 117. As a result, although Adams could have been hiding in a closet, it is far less likely that he could have been hiding in the pocket of a coat.

 A search warrant for a person only allows a police officer to search areas which would be big enough to hide that person, *cf. Green,* 676 N.E.2d at 758. Thus, police officers would have been justified in opening the closet door and looking in. They were not justified in searching the pocket of a coat in that closet in hopes of finding a 180–pound man therein. The trial court improperly denied Lee's motion to suppress the evidence found pursuant to the warrant to search for Adams.

Reversed.

SULLIVAN, J., and RILEY, J., concur.

---

3. Under the "plain view" doctrine, evidence not identified in a warrant may be seized when 1) the police were lawfully located in a place from which the object can be plainly seen and 2) the police also have a lawful right of access to the object itself. *Daniels v. State,* 683 N.E.2d 557, 558 (Ind.1997). Other than a reference in the probable cause affidavit that the cocaine in the coat pocket was "in plain view," R. at 20, the actual circumstances of the discovery are not apparent. Further, neither party argues that this exception to the warrant requirement applies to the facts before us. As a result, we do not address it.