Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 18 2014, 8:58 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KRISTINA J. JACOBUCCI**
La Porte, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LLOYD HEDSTROM, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 46A05-1401-CR-00012 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE LAPORTE CIRCUIT COURT
The Honorable Thomas J. Alevizos, Judge
Cause No. 46C01-1207-FA-411

**July 18, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Lloyd Hedstrom ("Hedstrom") pleaded guilty in an open plea in LaPorte Circuit Court to two counts of Class A felony child molesting and was sentenced to eighty years incarceration. On appeal, Hedstrom claims that the trial court abused its discretion in sentencing him, that his sentence is inappropriate, and that the trial court erred in its determination that he is a credit restricted felon as to one of the counts.

We conclude that the trial court did not abuse its discretion in sentencing Hedstrom and that his sentence is not inappropriate, but remand this case to the trial court to amend its sentencing order and abstract of judgment in accordance with the credit restricted felon statute, Indiana Code section 35-41-1-5.5.

We affirm in part, reverse in part, and remand with instructions.

**Facts and Procedural History**

In March 2008, a few months after Hedstrom was released from the Department of Correction following twenty-seven years of incarceration for a felony murder conviction, he married N.H. and began living with her and her young son, I.H. At some point in 2008, Hedstrom began to submit to and/or perform oral sex on I.H. Hedstrom and N.H. divorced in January 2010, but continued to cohabitate, and Hedstrom continued to abuse I.H. In July 2012, Hedstrom performed oral sex on six-year-old M.N.[1] in the presence of I.H., who was twelve years old at the time.

On July 19, 2012, the State charged Hedstrom with four counts of Class A felony child molesting involving I.H. and one count of Class A felony child molesting involving M.N. Hedstrom initially pleaded not guilty. However, two months later, at a September

---

[1] The record is unclear as to the nature of M.N.'s relationship with Hedstrom.

2

27, 2013 hearing, Hedstrom entered into an unwritten open plea agreement in which he agreed to plead guilty to Count I, Class A felony child molesting involving I.H. and Count V, Class A felony child molesting involving M.N. The State agreed to dismiss the three remaining counts.

The trial court held a sentencing hearing on December 11, 2013. After hearing arguments by Hedstrom and the State, the trial court found Hedstrom's criminal history, which included four previous felony convictions, including felony murder, to be an aggravating circumstance. The trial court also found as an aggravating factor the "constant and continuing nature of the offense" and the fact that Hedstrom was in a position of trust with regard to I.H. Sentencing Tr. pp. 33-34. The trial court found as a mitigating circumstance that Hedstrom pleaded guilty to two of the five counts of child molesting with which he was charged. The trial court concluded that the aggravating circumstances outweighed the mitigating circumstances. The trial court sentenced Hedstrom to forty-three years executed on Count I and thirty-seven years executed on Count V. The trial court ordered that the sentences be served consecutively, for an aggregate sentence of eighty years executed in the Department of Correction. The trial court also found Hedstrom to be a credit-restricted felon as to both convictions.

Hedstrom now appeals his sentence.

## I. Abuse of Discretion

Hedstrom first claims that the trial court abused its discretion in sentencing him. Sentencing decisions "rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 490

(Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007). A trial court may abuse its sentencing discretion by: (1) failing to enter a sentencing statement, (2) finding aggravating or mitigating factors unsupported by the record, (3) omitting mitigating factors clearly supported by the record and advanced for consideration, or (4) giving reasons that are improper as a matter of law. Id. at 490-91. Because a trial court no longer has any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence, it cannot now be said to have abused its discretion in failing to properly weigh such factors. Id. at 491. If a trial court abused its discretion in sentencing, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record. Id. at 491.

Hedstrom first challenges the trial court's finding of the aggravating circumstance that he was in a "position of trust" with respect to I.H. Sentencing Tr. p. 33. Hedstrom notes that he was no longer I.H.'s stepfather at the time of the molestations to which he pleaded guilty,[2] and argues that the State failed to introduced evidence to show that Hedstrom "was regularly in a position of control over I.H."; that he "actively sought opportunities to supervise I.H."; or that he "sought to establish a position of trust or confidence with respect to I.H." Appellant's Br. at 8.

The State presented evidence that Hedstrom was, for nearly two years, I.H.'s stepfather, that Hedstrom was living with I.H. and I.H.'s mother at the time of the

---

[2] Hedstrom apparently pleaded guilty only to the counts arising from his 2012 molestation of I.H. and M.N., although the record is not clear in this regard.

4

molestations, and that Hedstrom cared for I.H. when I.H.'s mother was in jail for child support issues. This evidence was sufficient to permit the trial court to find that Hedstrom was in a position of trust with respect to I.H. See Rodriguez v. State, 868 N.E.2d 551, 555 (Ind. Ct. App. 2007) (holding that the defendant was in a position of trust with child-victim where defendant co-habited with victim's mother and victim spent significant amount of time visiting defendant's home); Edrington v. State, 909 N.E.2d 1093, 1099-1100 (Ind. Ct. App. 2009) (concluding that defendant was in a position of trust with child-victim where defendant lived in same neighborhood, victim's father had known defendant for multiple years and trusted him to watch his daughter); Hines v. State, 856 N.E.2d 1275, 1280-81 (Ind. Ct. App. 2006) (consideration of position of trust aggravator was appropriate where child molest victim was spending the night with defendant's daughter at defendant's residence), trans. denied. Therefore, the trial court did not abuse its discretion in finding this to be an aggravating circumstance.

Hedstrom next argues that the trial court abused its discretion by assigning little weight to the mitigating circumstance that he pleaded guilty. Hedstrom initially pleaded not guilty, but changed his plea to guilty moments before the depositions of I.H. and M.N. were to begin, ostensibly out of concern about "the negative impact that deposition testimony would have" on the children. Appellant's Br. at 10. He acknowledges that the trial court considered his guilty plea as a mitigating circumstance, but argues that, by imposing an aggregate sentence of eighty years, the trial court "effectively gave little to no weight" to his plea. But, as our Supreme Court held in Anglemyer, we cannot say that a trial court abuses its discretion when it weighs aggravating and mitigating factors. 868

5

N.E.2d at 490-91. Accordingly, Hedstrom's challenge fails. The trial court could have easily concluded that Hedstrom's decision to plead guilty was simply a pragmatic decision, especially in light of the timing of the decision, which occurred moments before the victims were to be deposed. Furthermore, Hedstrom received a substantial benefit from his plea; the State dismissed three Class A felony charges, substantially reducing the potential sentence Hedstrom could have received. See Ind. Code § 35-50-2-4. See also Wells v. State, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005); Lindsey v. State, 877 N.E.2d 190, 198-99 (Ind. Ct. App. 2007).

Hedstrom also claims that his difficult childhood, which included the divorce of his parents, sexual abuse, and placement in foster homes, "tend[ed] to excuse or justify his conduct." Appellant's Br. at 9. Because Hedstrom failed to raise this argument at the sentencing hearing, he has waived this claim on appeal. See Anglemyer, 868 N.E.2d at 492 (holding that defendant's failure to advance mitigating circumstances at sentencing precluded appellate review of alleged mitigating circumstances); Pennington v. State, 821 N.E.2d 899, 905 (Ind. Ct. App. 2005) (holding that defendant waived his claim because he failed to raise proposed mitigators at the trial court level). Waiver notwithstanding, Hedstrom's argument still fails. Our supreme court has held that, while "evidence about the defendant's background and character is relevant" to sentencing decisions, "evidence of a difficult childhood warrants little, if any, mitigating weight." Coleman v. State, 741 N.E .2d 697, 700-701 (Ind. 2000). See also Blanche v. State, 690 N.E.2d 709, 715 (Ind. 1998) ("Evidence of a troubled childhood does not require a trial court to find it to be a mitigating circumstance"); Hines v. State, 856 N.E.2d 1275 (Ind. Ct. App. 2006)

(Sentencing court did not abuse its discretion by failing to assign significant mitigating weight to defendant's history of having been sexually abused as a child, in sentencing him on his conviction for child molesting, as defendant chose to create more victims by becoming an abuser himself, and sentencing court was not obliged to afford any weight to defendant's history, in that defendant never established why his past victimization led to his current behavior).

Hedstrom also claims that the trial court abused its discretion in ordering that his two sentences be served consecutively instead of concurrently. However, we note that a single aggravating circumstance may support the imposition of consecutive sentences. Lavoie v. State, 903 N.E.2d 135, 140 (Ind. Ct. App. 2009). Here, the trial court found three valid aggravating circumstances. And the fact that he molested two different victims supports the trial court's imposition of consecutive, rather than concurrent sentences. The Indiana Supreme Court has held that "when the perpetrator commits the same offense against two victims, enhanced and consecutive sentences seem necessary to vindicate the fact that there were separate harms and separate acts against more than one person." Serino v. State, 798 N.E.2d 852, 857 (Ind. 2003); see also Upton v. State, 904 N.E.2d 700 (Ind. Ct. App. 2009) (Trial court's finding that defendant had sexually molested multiple victims was permissible aggravating factor in support of order that sentences run consecutively). Under these facts and circumstances, the trial court did not abuse its discretion by ordering that Hedstrom's sentence for Count I be served consecutive to his sentence for Count V.

## II. Inappropriate Sentence

Hedstrom also claims that his sentence is inappropriate in light of the nature of his offense and his character. Even if a trial court acted within its statutory discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. Trainor v. State, 950 N.E.2d 352, 355–56 (Ind. Ct. App. 2011), trans. denied (citing Anglemyer, 868 N.E.2d at 491. This authority is implemented through Indiana Appellate Rule 7(B), which provides that the court on appeal "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Id.

Still, we must and should exercise deference to a trial court's sentencing decision, because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. While we have the power to review and revise sentences, the principal role of our review should be to attempt to level the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve what we perceive to be a "correct" result in each case. Fernbach v. State, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), trans denied (citing Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008)). The appropriate question is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. Former v. State, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). And it is the

defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Hedstrom pleaded guilty to Class A felony child molesting. The sentencing range for a Class A felony is twenty to fifty years incarceration, with the advisory sentence being thirty years. See Ind. Code § 35-50-2-4. Here, the trial court sentenced Hedstrom to thirteen years more than the advisory, but seven years less than the maximum on Count I and seven years more than the advisory on Count V. We conclude that both the nature of the offense and the character of the offender support this sentence.

Hedstrom argues that "there are cases where the nature of the offense is more heinous and the impact more substantial" and that "[n]othing in the record suggests that Mr. Hedstrom used any type of weapon in the commission of the offenses and it was not alleged that the victims suffered serious bodily harm." Appellant's Br. at 13. However, Hedstrom's position of trust over I.H. at the time of the abuse and M.N.'s young age made both victims especially vulnerable as easy prey for Hedstrom, which demonstrates the particularly depraved nature of his offenses. See Edrington v. State, 909 N.E.2d 1093 (Ind. Ct. App. 2009) (Enhancement of sentence, five years beyond the presumptive thirty years, for Class A felony child molesting, was not inappropriate where defendant violated a position of trust with at least one victim); Rodriguez v. State, 868 N.E.2d 551 (Ind. Ct. App. 2007) (Defendant's aggregate eight-year sentence was not inappropriate in light of the nature of the offense and the character of the offender; defendant touched nine-year-old child's genitals on several occasions over the course of a few months, and in doing so, he violated the position of trust he held with child, who stayed with her mother at

9

defendant's home when mother had visitation). Here, the nature of the offense supports the sentence imposed by the trial court.

Hedstrom also argues that his sentence is inappropriate in light of the nature of the offender. He contends that a court-ordered psychosexual evaluation concluded that he posed moderate risk of reoffending and that, because his eighty-year sentence amounts to a life sentence due to his age (fifty-six years at the time of sentencing), the trial court "treated him as though he poses a substantial and serious risk of reoffending." Appellant's Br. at 14. He also again maintains that his difficult childhood and the fact that he pleaded guilty to two of the charges brought against him cause his sentence to be inappropriate in light of his character. Our view, however, is that Hedstrom's character supports the trial court's sentencing decision. Hedstrom has an extensive criminal history, including four previous felony convictions, one for felony murder. He repeatedly molested I.H., a child over whom he had a position of trust, and molested M.N., a six-year-old child, in I.H.'s presence. For all of these reasons, we conclude that Hedstrom has not met his burden of establishing that his sentence is inappropriate in light of the nature of his offenses and is character.

### III. Credit Restricted Felon

Finally, Hedstrom argues that the trial court's sentencing order and abstract of judgment should be amended to reflect that Hedstrom is a credit restricted felon for his conviction for child molesting as to M.H. only.

A credit restricted felon is defined in relevant part as follows:

10

[A] person who has been convicted of at least one (1) of the following offenses:
>> (1) Child molesting involving sexual intercourse or deviate sexual conduct (IC 35–42–4–3(a)), if:
>>>> (A) the offense is committed by a person at least twenty-one (21) years of age; and
>>>> (B) the victim is less than twelve (12) years of age.

Ind. Code § 35-41-1-5.5.[3]

As a credit restricted felon, Hedstrom would earn credit time at a reduced rate of one day of credit for every six days that he is imprisoned. See Ind. Code §§ 35-50-6-3(d), -4(b).

Because the record indicates that I.H. was twelve years old at the time of the offense to which Hedstrom pleaded guilty, we agree with Hedstrom that he is a credit restricted felon for his conviction for molestation of six-year-old M.N. only. Therefore, we conclude that the trial court erred when it found that Hedstrom is a credit-restricted felon as his conviction for molestation of I.H..

**Conclusion**

The trial court did not abuse its discretion in sentencing Hedstrom, and Hedstrom's eighty-year aggregate sentence is not inappropriate in light of the nature of the offense and the character of the offender. As to Hedstrom's classification as a credit-restricted felon for his conviction for molesting I.H., we reverse and remand with

---

[3] This statute has since been repealed. See now Indiana Code section 35-31.5-2-72, which provides that:
>> "Credit restricted felon" means a person who has been convicted of at least one (1) of the following offenses:
>>>> (1) Child molesting involving sexual intercourse or deviate sexual conduct (IC 35-42-4-3(a)), if:
>>>>>> (A) the offense is committed by a person at least twenty-one (21) years of age; and
>>>>>> (B) the victim is less than twelve (12) years of age.

11

instructions to the trial court to revise its sentencing order and abstract of judgment consistent with this opinion.

Affirmed in part, reversed in part, and remanded with instructions.

FRIEDLANDER, J., and PYLE, J., concur.