## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 15 2015, 5:46 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| David Becsey | Gregory F. Zoeller |
| Zeigler Cohen & Koch | Attorney General of Indiana |
| Indianapolis, Indiana | |
| | Katherine Modesitt Cooper |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Derrick Hart, | December 15, 2015 |
| *Appellant-Defendant,* | Court of Appeals Cause No. 49A02-1502-CR-102 |
| v. | Appeal from the Marion County Superior Court |
| State of Indiana, | The Honorable Mark Stoner, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 49G06-1408-F3-40932 |

**Barnes, Judge.**

# Case Summary

[1] Derrick Hart appeals his conviction for Level 6 felony intimidation. We affirm.

# Issue

[2] The issue before us is whether there is sufficient evidence to convict Hart of intimidation.

# Facts

[3] The evidence most favorable to the conviction is that, Hart and Tabitha Parr entered into an agreement whereby Hart paid money to Parr and Parr allowed Hart to drive her vehicle. On August 21, 2014, Parr's girlfriend reported Parr's vehicle stolen to the police department, and it was impounded because Hart had refused to return the vehicle after Parr made multiple requests. Parr was informed that her vehicle had been towed later that same day when Hart contacted her while she was at work. Parr contacted the impound lot to try to get the car back. As Parr attempted to remedy the situation, Hart became very upset on the phone and threatened Parr. Hart informed Parr that he was waiting at her neighbor's house for her to return home from work, and "that he doesn't play with his money." Tr. p. 208. Hart also told Parr that "she would be sorry." *Id*. at 208-09. After work, Parr went to the home of her friends, John Carr and Larry Tindle, because she was scared to return to her home. Parr requested Hart meet her at Carr and Tindle's home to discuss the situation.

[4] When they met, Hart got into an argument with Parr and became very angry, ultimately threatening Parr. Hart threatened Parr because he thought Parr had reported the car as stolen. Hart told Parr "he was going to kick her a**" and "he was going to kill her." *Id.* at 74. Further, Hart stated that Parr owed him money because she had "called the cops and said her car was stolen and he was the one driving it" when Parr knew she had loaned the car to Hart. *Id.* Hart also threatened to "beat the crap out of" Parr. *Id.* at 76. Carr told Hart to leave his home, and as Hart left, he told Carr he was not going to be able to save Parr. Hart left following this statement. After Hart left, Parr asked Carr to give her a ride home. He agreed and, when he opened the door to leave, Hart and Henry Gibson were standing on the porch with guns in their hands. Both started shooting. Carr was shot in the right elbow and the buttock.

[5] The State charged Hart with aggravated battery, a Level 3 felony, battery, a Level 5 felony, criminal recklessness, a Level 5 felony, intimidation, a Level 6 felony, and carrying a handgun without a license, a Level 5 felony. The State dismissed the felony enhancement of carrying a handgun without a license charge, making the charge a class A misdemeanor. The jury found Hart guilty on all counts. Hart now appeals only the sufficiency of the evidence supporting his conviction for Level 6 felony intimidation.

## Analysis

[6] Hart argues there is insufficient evidence to support his conviction for Level 6 felony intimidation. When reviewing a challenge to the sufficiency of the

evidence underlying a criminal conviction, we neither reweigh the evidence nor assess the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). The evidence--even if conflicting--and all reasonable inferences drawn from it are viewed in a light most favorable to the conviction. *Rohr v. State*, 866 N.E.2d 242, 248 (Ind. 2007). We affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Davis v. State*, 813 N.E.2d 1176, 1178 (Ind. 2004).

[7] To be convicted of Level 6 felony intimidation, the State must prove the defendant "communicate[d] a threat [to commit a forcible injury] to another person, with the intent. . . that the other person be placed in fear of retaliation for a prior lawful act. . ." Ind. Code § 35-45-2-1(a)(2), (b)(1). Hart was charged with communicating "a threat to commit a forcible felony, to-wit: threatened to beat and choke Tab[i]tha Parr, with the intent that Tab[i]tha Parr be placed in fear of retaliation for a prior lawful act, to-wit: reporting her vehicle stolen to the police." Appellant's App. p. 20. Hart contends he was mad and threatened Parr because she owed him money from the car rental agreement after the car he had paid to rent from Parr was impounded. Hart also argues that because Parr was not the one who reported her car stolen the State has failed to prove an essential element of the crime of intimidation.

[8] When challenging the sufficiency of the evidence of the intimidation element of intent to place the victim in fear of retaliation for prior lawful conduct, "mere proof that the victim is engaged in an act which is not illegal at the time the threat

is made is not sufficient." *Lainhart v. State*, 916 N.E.2d 924, 939 (Ind. Ct. App. 2009) (citing *Casey v. State*, 676 N.E.2d 1069, 1072 (Ind. Ct. App. 1997)). The State must establish that the legal act occurred prior to the threat and that the defendant intended to place the victim in fear of retaliation for that act. *Id.*

[9] Hart's first argument requests this Court to reweigh the evidence to determine why he threated Parr, which we will not do. There is sufficient evidence for a reasonable jury to conclude Hart threatened Parr because he believed she had reported the vehicle stolen. It was exclusively within the jury's province to determine whether Hart threatened Parr because the car was towed or because she owed him money. The reason Parr would have owed him money is because the vehicle was impounded in the first place. The money was related to the report of the vehicle as stolen.

[10] At trial, Carr, an eye-witness to the confrontation, testified that Hart was "yelling and screaming" that Parr had "called the cops and said that her car was stolen and he was the one driving it. . ." and that Hart "was going to kill her, he was going to kick her a**." Tr. p. 74. Carr testified Hart was arguing Parr had "called the cops and said the car was stolen when she knew that she loaned him the car." *Id*. at 75. Carr testified Hart "threatened that he was going to kill her. . . beat the crap out of her if she did not fight like a man," and Hart also stated Carr "wasn't going to be able to save her." *Id*. at 76-77. Perhaps most unfavorable to the Hart's argument is his own testimony. Hart testified at trial, he threatened Parr because he thought Parr had reported the car as stolen. Thus, there is ample

evidence for a reasonable jury to conclude Hart threatened Parr because he believed she had reported the vehicle as stolen.

[11] Hart cites several cases in support of his argument, but we find none of them persuasive. This case is distinguishable from *Casey v. State*, 676 N.E.2d 1069 (Ind. Ct. App. 1997), and *McCaskill v. State*, 3 N.E.3d 1047 (Ind. Ct. App. 2014), because in those cases testimony was lacking as to what the prior lawful act was. Here, the State proved its charge that the prior lawful act was the reporting of the vehicle Hart was renting from Parr as stolen. There is adequate testimony Hart threatened Parr because he believed she had reported the vehicle stolen.

[12] *Ransley v. State*, 850 N.E.2d 443 (Ind. Ct. App. 2006), *trans. denied*, also is distinguishable from the present matter because the victim chose not to take the stand and establish for what prior lawful act the defendant had retaliated. This Court noted that anger without the intent of the defendant to retaliate is not enough to satisfy the requirement of Section 35-45-2-1(a)(2). *Ransley*, 850 N.E.2d at 447. The testimony present here indicates Hart retaliated against Parr because of the specific act of reporting her vehicle as stolen. In *C.L. v. State*, 2 N.E.3d 798 (Ind. Ct. App. 2014), this court determined the defendant's threats of violence were conditional and aimed at future conduct. As a result, the defendant's threats of violence were not made in relation against the *prior* lawful acts of the victim. *Id*. at 801 (emphasis added). It is clear in this case that Hart's threats of violence occurred after he learned the car was impounded. Further, he acted upon them the very same day the car was impounded.

[13] As to Hart's second argument, it is clear the legal act was reporting the vehicle stolen and that it occurred prior to Hart's threats against Parr. The question is whether the fact Parr's girlfriend actually reported the vehicle stolen affects the State's charge of the crime. We conclude that it does not. It is irrelevant whether the prior lawful act was actually that of Parr or her girlfriend. There is ample evidence supporting the presumption Hart threatened Parr because he thought she, not her girlfriend, had reported the vehicle stolen.

[14] Further, as the State argued in its brief, the jury could have determined from the evidence that Parr had asked her girlfriend to report the vehicle stolen, which would constitute a prior lawful act for purposes of the statute. A defendant's intent to place the victim in fear of retaliation may be proven by circumstantial evidence. *Lee v. State*, 973 N.E.2d 1207, 1210 (Ind. Ct. App. 2012), *trans. denied.* "Intent can be inferred from a defendant's conduct and that natural and usual sequence to which such conduct logically and reasonably points." *Id.* At trial, Parr testified she had asked for her car back "a couple of times," and subsequently, her girlfriend had reported it as stolen. Tr. p. 207. A jury could have reasonably concluded Parr requested her girlfriend call law enforcement and report it stolen, and it was lawful for Parr to do so after Hart refused to return Parr's car to her.

[15] We acknowledge this case is unusual in that Hart was mistaken in believing Parr had committed the prior lawful act. Indiana courts have long recognized the doctrine of "transferred intent." *Blanche v. State*, 690 N.E.2d 709, 712 (Ind. 1998); *White v. State*, 638 N.E.2d 785, 786 (Ind. 1994). The doctrine is most commonly

recognized by courts when the crime charged is murder or attempted murder. *Blanche*, 690 N.E.2d at 712; *Straub v. State*, 567 N.E.2d 87, 90-91 (Ind. 1991). Under the doctrine of transferred intent "a defendant's intent to kill one person is transferred when, by mistake or inadvertence, the defendant kills a third person; the defendant may be found guilty of the murder of the person who was killed, even though the defendant intended to kill another." *Blanche*, 690 N.E.2d at 712 (citing *White*, 638 N.E.2d at 786).

[16] The doctrine of transferred intent has not previously been applied to the crime of intimidation. However, for purposes of this unique situation we find the doctrine to be instructive. Hart's intent to intimidate Parr's girlfriend, for the prior lawful act of reporting the vehicle stolen, was effectively transferred when, by his mistake, he intimidated Parr, based on his genuine belief she, not her girlfriend, was the one who had called the police. The doctrine of transferred intent might not apply in situations where a victim claims to be threatened for a random third party's act that has no connection to the victim. Where, however, a defendant genuinely believes he or she is intimidating the person who performed the prior lawful act, this concern dissipates. Such is the case here.

[17] We also note that, essentially, Hart made a mistake of fact about who precisely performed the lawful act of reporting Parr's car stolen and, as a result, mistakenly threatened Parr instead of Parr's girlfriend. However, a defendant's mistake of fact is a defense to a crime only "if the mistake negates the culpability required for commission of the offense." I.C. § 35-41-3-7. *See also Chavers v. State*, 991 N.E.2d 148, 151 (Ind. Ct. App. 2013), *trans. denied.* Here, Hart clearly possessed

the required intent to commit intimidation. A prior lawful act occurred, and Hart intended the person whom he believed committed that act to feel threatened for having committed it. The clear purpose of the intimidation statute is to prohibit placing persons in fear for committing lawful acts. Hart violated that clear purpose in threatening Parr, regardless of whether Parr had actually committed the lawful act in question.

## Conclusion

There is sufficient evidence to support Hart's conviction for Level 6 felony intimidation. We affirm.

Affirmed.

Kirsch, J., and Najam, J., concur.