**John STAFFORD, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 984S353.**

Supreme Court of Indiana.

Nov. 5, 1986.

Robert W. Beck, Monroe County Public Defender, Bloomington, for apppellant.

Linley E. Pearson, Atty. Gen., Latrialle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was originally charged with escape from the Monroe County Jail. Subsequently, the prosecution added the charge of habitual offender. Appellant was convicted by a jury and was sentenced to thirty-three (33) years imprisonment.

Appellant claims the trial court erred in overruling his motion for continuance filed immediately before the start of the trial. He claims he was entitled to such continuance as a matter of right under Trial Court Rule C–2. That rule provides: "If a defense counsel requests discovery within fourteen (14) days of his appearance or

fourteen (14) days before trial, whichever is later, and the prosecuting attorney fails to comply, a continuance *shall* be granted."

The original charge of escape against appellant was filed on August 30, 1982. His plea of not guilty was entered on November 22, 1983. On March 6, 1984, the State filed the additional information asking that appellant be declared an habitual offender. Trial of the cause was held on March 20, 1984.

Appellant had filed his notice for discovery and inspection on December 19, 1983. The pretrial hearing was held on January 3, 1984, at which time the court issued a pretrial order limiting witnesses and exhibits. On March 9, 1984, the State filed a motion to amend its list of witnesses and exhibits. On March 16, 1984, just four days before trial, the State gave appellant copies of documents introduced at the trial with the exception of State's Exhibit No. 19, a copy of appellant's conviction in the Morgan Superior Court for one of the three felony convictions supporting the habitual criminal charge. This exhibit was not presented for appellant's examination until the day of trial.

In addition to the above statement quoted from Trial Court Rule C–2, we find in that rule the following language:

"If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, or enter such other order as it deems just under the circumstances."

On the one hand, the local rule appears to make a continuance mandatory under the circumstances of this case. On the other hand, another portion of the rule appears to grant the trial judge the leeway to enter "such other order as it deems just under the circumstances." In an attempt to interpret the trial rule and the duties of the judge thereunder, we examine cases decided by this Court concerning such continuances. In *Himes v. State* (1980), 273 Ind. 416, 420, 403 N.E.2d 1377, 1379–80, this Court stated:

"The ruling on a motion for continuance not based upon statutory grounds is within the sound discretion of the trial court and will be reversed only for an abuse of discretion. *E.g., Aron v. State,* (1979) [271] Ind. [412], 393 N.E.2d 157. Even with a showing of 'surprise' evidence, the defendant must also show that he was harmed by the trial court's denial of his motion for a continuance. *King v. State,* (1973) 260 Ind. 422, 296 N.E.2d 113. In *Popplewell v. State,* (1978) [269] Ind. [323, 328], 381 N.E.2d 79, 82 we stated:

'The purpose of granting a continuance 'under such circumstances is to compensate for surprise by permitting the aggrieved party time to learn and to prepare. It is not to be regarded as a "bonus" awarded without regard to its need in the furtherance of fair trial rights.' "

In the case at bar, the charge against appellant as to his escape from jail and the allegation that he was an habitual criminal were exceedingly simple. His presence in the jail was evidenced by documents readily available to appellant. In fact, appellant's presence there was stipulated at the trial by him. His escape from the jail was also a matter of documentation within the records readily available to appellant.

When the State amended the charge to include the habitual criminal status, it also specified each of the three prior felonies which it intended to prove. Two of these felonies had been charged and prosecuted in Monroe County, the records of which were readily available to appellant. The third felony was charged and prosecuted in Morgan County, which adjoins Monroe County. Although papers used by the State to establish this third prosecution in Morgan County were not presented to appellant until the day of trial, such presentation was a matter which could readily be

anticipated by him from the inception of the allegation of habitual criminal.

Even if we were to assume for the sake of argument he could not avail himself of such records, when he did receive the records on the day of trial, the examination of the same and the verification of their authenticity took only a matter of moments.

■ Assuming for the sake of argument that the trial court rule prevails, and that appellant was entitled to a continuance under the terms of that rule, the circumstances of this case lead us to hold that a failure on the part of the trial court to grant such a continuance was harmless error. We fail to see how he could have been surprised or misled by any delay in the presentation of these documents.

We hold the trial court did not err in refusing to grant appellant's motion for continuance.

■ Appellant next claims the trial court erred in denying his motion for change of judge because prejudice and bias against him is demonstrated by the court's ruling on the motion for continuance and the court's failure to follow Trial Court Rule C(2). As was stated in *Clemons v. State* (1981), Ind., 424 N.E.2d 113, we cannot assume bias and prejudice but must look to the record to see if it actually exists. The fact that the judge is required to rule on matters preliminary to trial does not establish the existence of any bias or prejudice on his part. In the case at bar, the rulings of the judge were, of course, necessary. The fact that he ruled against appellant is not *prima facie* evidence of bias or prejudice. Further, his rulings did not place appellant in any jeopardy. We hold that he did not err in refusing the motion for change of judge.

■ Appellant next claims the trial court erred in admitting State's Exhibit No. 19. As we have previously observed in this opinion, State's Exhibit No. 19 was used by the State to establish the former conviction which occurred in Morgan County. At the time the habitual offender charge was filed

by the State, the Morgan County conviction had been specifically stated. The papers in question were public records of that court verifying the allegation of the State of the prior conviction. This is a matter which could have readily been ascertained by appellant. There was nothing in the contents of State's Exhibit No. 19 which could have been a surprise to appellant.

The trial court is in all things affirmed.

All Justices concur.