Leslie A. SMITH, Appellant,

v.

STATE of Indiana, Appellee.

No. 67S00–8806–PC–534.

Supreme Court of Indiana.

March 21, 1989.

Robert E. Saint, Coons Saint & Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Judge.

This is an appeal from the denial of a petition for post-conviction relief. After a jury trial in 1978 on charges stemming from an incident involving an escape from the Indiana State Farm and the shooting of an Indiana State Trooper, appellant was convicted of Escape, a Class D felony, Attempted Murder and Attempted Kidnapping, both Class A felonies, and was found to be an habitual offender. His enhanced sentence amounted to an executed term of seventy (70) years. We affirmed his conviction upon direct appeal, *Smith v. State* (1981), Ind., 422 N.E.2d 1179.

The facts are: Prior to trial, appellant filed a motion for change of judge. This motion was granted and a special judge was appointed. Appellant later filed a motion for a ballistics test. Special Judge Boyd consulted the regular judge, Judge Hamilton, concerning this motion and then denied it. Appellant then filed a second motion for change of judge. The special judge decided to hear evidence and argument on the change of judge motion. After a hearing on December 4, 1978, the special judge denied the motion. Appellant raised as error in his direct appeal this denial of his second motion for change of judge. We held that because the transcript of the December 4 hearing was not made a part of the record, we had no way of discerning whether appellant's allegations of bias on the part of Special Judge Boyd had merit so as to render erroneous the denial of a second change of judge. *Id.*

In his petition for post-conviction relief, appellant claimed that he was denied effective assistance of counsel due to appellate counsel's failure to include the transcript of the December 4 hearing, and he thereby was prejudiced by not obtaining a reversal of his conviction based upon the erroneous

denial of his second motion for change of judge. The post-conviction court ruled that even though appellant had introduced the transcript of the December 4 hearing at his post-conviction proceeding, the evidence did not support his allegation of bias sufficiently to warrant a second change of judge nor did it reveal he had been prejudiced at his trial by not having obtained a second change of judge.

Appellant now contends the post-conviction court erred in requiring him to show prejudice, that the bias and prejudicial conduct of Special Judge Boyd amounted to fundamental error, and that ineffectiveness of his appellate counsel prevented this Court from reaching that issue on his direct appeal. He argues he "should be allowed to rebrief his appeal" in order for us to reexamine the change of judge issue in light of the transcript of the December 4 hearing. Resubmission of a direct appeal is not a post-conviction remedy contemplated by the rules—*see* Ind.R.P.C.R.—nor is it necessary here, as resolution of a claim of ineffective counsel inherently involves a determination of whether the alleged omission by counsel had a significant effect upon the outcome of the proceeding. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. The propriety of the denial of appellant's second motion for change of judge thus is dispositive of all issues raised in this appeal.

■ Appellant contends the special judge's conduct was so prejudicial as to amount to a denial of due process and thus was fundamental error. To support his contention that the special judge should have granted a second motion for change of judge, appellant argues Special Judge Boyd should have recused himself because he violated Canon 3(A)(4) of the *Code of Judicial Conduct* by consulting with an "interested party:" to-wit, the regular judge. Appellant's reason for denominating Judge Hamilton as "interested" is that at the hearing on the second motion, an affidavit signed by the regular judge was submitted in which he denied having influenced the special judge's decision regard-

ing the ballistics test motion which was denied. That Judge Hamilton's testimony was used to refute appellant's need for another change of judge clearly does not, however, render him an "interested party." We thus find no violation of Canon 3(A)(4), no lack of due process, and no fundamental error.

■ The law presumes a judge is unbiased and unprejudiced; to overcome this presumption, a party moving for a change of judge must establish actual personal bias against him. *Lasley v. State* (1987), Ind., 510 N.E.2d 1340. Such bias must be shown from the judge's conduct which must place the moving party in jeopardy. *See Stafford v. State* (1986), Ind., 499 N.E. 2d 236. The transcript of the December 4 hearing reveals no such actual bias on the part of Special Judge Boyd. Moreover, appellant cites us to nothing in the trial transcript to show how he was placed in jeopardy by the failure to appoint a second special judge.

■ In his reply brief, appellant argues that his appellate counsel's failure to submit the December 4 hearing transcript constituted fundamental error thus shifting the burden to the State to prove the absence of prejudice flowing from the omission. His assertion is meritless. Any allegation of ineffective assistance must include an affirmative showing that counsel's error prejudiced the judgment against the petitioner such that but for the unprofessional error, the result of the proceedings would have been different. *Strickland, supra; Smith v. State* (1987), Ind., 516 N.E.2d 1055.

■ In reviewing the denial of post-conviction relief, we will not set aside the lower court's ruling unless the evidence, without conflict, leads solely to the opposite result. *Williams v. State* (1984), Ind., 464 N.E.2d 893. In the case at bar, while the transcript of the December 4 hearing arguably should have been submitted with appellant's direct appeal, it nevertheless fails to establish beyond question either fundamental error or bias on the part of

Special Judge Boyd such that the denial of a second change of judge was error.

The post-conviction court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.