Cameron PERRY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9108–CR–259.

Court of Appeals of Indiana,
Fifth District.

Feb. 10, 1992.

Richard D. Gilroy, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

Cameron Perry appeals his convictions for robbery, a class B felony, and carrying a handgun without a license, a class A misdemeanor. He raises two issues on appeal:

1. Whether the trial court abused its discretion in denying Perry's request for a change of judge; and

2. Whether the evidence is sufficient to support the convictions.

We affirm.

## FACTS

At approximately 12:30 a.m. on November 30, 1990, the victim and a companion were accosted in front of an apartment building by two men, one of whom had a gun. The man with the gun demanded that the victim give him the victim's wallet. The victim held out his wallet and the gunman took $20 out of it. The other robber demanded the leather jacket the victim was wearing, however, just then, someone came out of the apartment building and the robbers fled.

Police stopped Perry at a gas station on the corner of 16th and Illinois streets in Indianapolis because he wore a jacket which matched the description that had been given over the police radio minutes before. Perry was picked up between 20–35 minutes after the robbery about 5–6 blocks from where the robbery occurred. The robbery victim was brought to the scene to identify Perry. While the victim could not identify Perry as the robber by his face, not having gotten a good look at the robber's face, he did identify the plaid jacket Perry was wearing as being the same as the one worn by the unarmed robber. The black hat with a white streak on it that Perry was wearing was also the same as the one the unarmed robber wore. In addition, when the police stopped Perry, they found a handgun in the van he was driving. The robbery victim identified the handgun as the same one used by the other man in the robbery. Perry offered an alibi defense at his trial.

## CHANGE OF JUDGE

Perry first raises the issue that the trial court should have granted his motion for change of judge. Prior to trial, Perry's counsel and the prosecutor agreed that a special judge would hear his case, in part because the regular judge and the robbery victim were both candidates on the same political party slate. The appointment of the special judge also led Perry to waive his right to a trial by jury. On the day of trial, Perry's counsel learned that the special judge was not available and that the regular judge would be hearing the case. Counsel then made an oral request that the trial judge recuse herself because of the connection with the victim. The trial judge refused, stating that being on the same ballot with the victim did not affect her impartiality to hear the case. The trial judge did, however, give Perry the option to have a jury trial since she would be the judge. Perry waived a jury trial and specifically stated that he wanted her to hear the case.

The State argues that Perry has waived objection to any alleged error because his motion for recusal was not in writing and because he specifically agreed to let the regular judge hear the case. The State does acknowledge that under the circumstances here, failure to make the motion in writing may not work as a waiver. We need not determine, however, whether Perry waived any objection because we conclude the trial judge did not abuse her discretion in refusing to disqualify herself.

A ruling on a motion for change of judge is made within the trial court's discretion and will be reversed only upon a clear showing of abuse of that discretion. *Brim v. State* (1984), Ind., 471 N.E.2d 672, 674. Further, the law presumes that a judge is unbiased and unprejudiced; the record must show actual bias or prejudice of the judge against the defendant before a conviction will be reversed on the ground that the trial judge should have disqualified herself. *Smith v. State* (1989), Ind., 535 N.E.2d 1155, 1157. Such bias or prejudice must be shown from the judge's conduct which must place the defendant in jeopardy. *Id.*

Perry does not allege any conduct of the trial judge that put him in jeopardy and the record does not reveal any actual bias or prejudice. We cannot conclude that the trial judge abused her discretion.

SUFFICIENCY

■ Perry next argues that the evidence is not sufficient to support the convictions because it is wholly circumstantial and does not exclude every reasonable hypothesis of innocence. While a defendant is entitled to an instruction at trial that where the evidence is entirely circumstantial it must exclude every reasonable hypothesis of innocence, we do not use that standard on appeal. *Myers v. State* (1989), Ind., 532 N.E.2d 1158, 1159. On appeal, circumstantial evidence may be sufficient to support a conviction and it is not necessary that every reasonable hypothesis of innocence has been overcome; rather, it is only necessary that an inference which supports the verdict may be reasonably drawn. *Houston v. State* (1990), Ind., 553 N.E.2d 117, 119.

■ Here, the victim of the robbery did not identify Perry as one of the robbers by his face, but did identify him as being of the same build as one of the robbers and did identify the distinctive plaid jacket and black and white hat Perry was wearing when arrested as the same jacket and hat worn by the robber. Additionally, the victim identified the handgun found in Perry's van as the same handgun used by the other robber. Perry was stopped by the police 5–6 blocks from where the robbery occurred within 20–35 minutes after the robbery. These facts are sufficient to support Perry's conviction for robbery.

■ Although Perry includes both convictions in his statement of the issue, he does not argue in his brief that the evidence does not support his conviction for carrying a handgun without a license. Consequently, no issue is presented with respect to that conviction.

AFFIRMED.

RUCKER and SULLIVAN, JJ., concur.