Douglas R. ALLEN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 75A05–9806–CR–314.

Court of Appeals of Indiana.

March 20, 2000.

James H. Voyles, Jennifer M. Lukemeyer, Symmes, Voyles, Zahn, Paul & Hogan, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Janet Brown Mallett, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Douglas R. Allen (Allen) appeals his convictions of battery, as a Class C felony, Ind.Code § 35–42–2–1(a)(3); criminal confinement, a Class B felony, Ind.Code § 35–42–3–3(1); and intimidation, a Class D felony, Ind.Code § 35–45–2–1(a)(1)(b)(1).

We affirm.

### ISSUES

Allen raises three issues for our review, which we restate as follows:

1. Whether the trial court erred by denying Allen's motion for change of judge.

2. Whether Allen's conviction for criminal confinement and battery violates Indiana constitutional prohibitions against double jeopardy.

3. Whether Allen was properly sentenced.

### FACTS AND PROCEDURAL HISTORY

The facts most favorable to the judgment reveal that on the evening of October 4, 1997, Allen and his estranged wife, Sandra Allen (Sandra), were drinking in a local tavern near Sandra's apartment. A fight ensued, and Sandra left the bar and returned to her apartment alone. Soon thereafter, Allen arrived at Sandra's apartment where Allen began throwing and breaking items in the apartment. Further, Allen repeatedly beat Sandra until she was bruised, bleeding, and unable to move.

On October 7, 1997, the State of Indiana filed an information charging Allen with battery, as a Class D felony; criminal confinement, as a Class B felony; rape, as a Class A felony; and intimidation, as a Class D felony. Allen was already in custody because he had surrendered himself on October 6, 1997. On November 5, 1997, the State filed an amended information charging Allen with C felony battery instead of D felony battery. Further, on February 6, 1998, the State filed an information amending the criminal confinement charge by including more specific language on how Allen allegedly confined Sandra.

On October 20, 1997, Allen timely filed a Motion for Change of Judge. On November 26, 1997, Allen's motion was denied.

On April 13, 1998, a jury trial began, and the jury verdict was rendered on April 16, 1998. The jury found Allen guilty of battery, as a Class C felony; criminal confinement, as a Class B felony; and intimidation, as a Class D felony. The jury acquitted Allen of the rape charge. On May 19.1998, a sentencing hearing was held, and the trial court found eight aggravating factors and no mitigating circumstances. Allen was subsequently sentenced to eight (8) years on the C felony battery charge; twenty (20) years on the B felony criminal confinement charge; and three (3) years on the D felony intimidation charge, sentences to be served concurrently. Allen now appeals.

## DISCUSSION AND DECISION

### I. Change of Judge

 Allen first argues that the trial court erred in denying his motion for change of judge. A ruling on a change of judge motion lies within the sound discretion of the trial court and will be reversed only upon a clear showing of an abuse of that discretion. Ind.Crim. Rule 12; *Harrison v. State*, 644 N.E.2d 1243, 1249 (Ind. 1995). The law presumes that a judge is unbiased and unprejudiced. In order to overcome this presumption, the moving party must establish that a judge has personal prejudice for or against a party. *Perry v. State*, 585 N.E.2d 715, 716 (Ind. Ct.App.1992). Such bias or prejudice exists only where there is an undisputed claim or the judge has expressed an opinion on the merits of the controversy before him. *Id.* Under our current rule, a request for change of judge due to bias or prejudice should be granted if the facts recited support a reasonable inference of bias or prejudice. Crim.R. 12(B); *Blanche v. State*, 690 N.E.2d 709, 714 (Ind.1998).

 In support of his change of judge motion, Allen attached the affidavit of his attorney who swore: "That he has investigated the factual basis for the factual allegations contained in Douglas Allen's Affidavit, attached to and incorporated into his Motion for Change of Judge. That he the undersigned, certifies that he, in good faith, believes that the historical facts recited in Douglas Allen's Affidavit are true." (R. 29). Allen attached his affidavit to his Motion for Change of Judge, stating that the trial judge had a personal bias or prejudice against him and or his defense because:

... in essence the allegations involved what would be considered by any reasonable standard or interpretation as acts of domestic abuse and or domestic violence.

... contemporaneously with the defendant's voluntary surrender, prior to the filing of any criminal charges herein and contemporaneously with the defendant's preliminary court appearance ... there was occurring in Knox, Starke County, Indiana, significant and substantial publicity and promotion, concerning a phoneathon ... designed to call the public's attention to and solicit donations for the Starke County Coalition Against Domestic Abuse, said donations to be used in the adaptation and or improvement of a Transitional House, a site to be used as a haven for victims of domestic abuse.

That the president of the said Starke County Coalition Against Domestic Abuse is Ruth Matsey, the wife of the regular Judge herein, David Matsey.

The undersigned is informed and verily believes that at said phoneathon ... Judge David Matsey appeared and spoke, presumably in support of the announced objectives and desires of the Starke County Coalition Against Domestic Abuse, of which his wife Ruth Matsey is president.

(R. 31–32).

In sum, Allen argues that given Judge Matsey's own involvement as well as his wife's involvement in the fight against domestic violence, he could not impartially sit as judge on a case involving an allegation of domestic violence. Essentially, Allen's argument invites us to hold that whenever a judge participates in any community activity aimed at deterring crime, and advocates community involvement and awareness of the ill effects of a certain crime, that judge cannot rule impartially on any case involving that particular crime. This we will not do.

 Bias or prejudice that would warrant reversal exists only where the judge has expressed an opinion on the merits of the case, in other words, on the issue of guilt or innocence. *Kail v. State*, 528 N.E.2d 799, 804 (Ind.Ct.App.1988). Prejudice must be shown by the conduct of the trial judge and not inferred from the judge's subjective views. *Id.* Allen has

failed to establish personal bias or prejudice on the part of the trial judge in this case, thus, the trial court properly denied Allen's motion for change of judge.

## II. State Double Jeopardy

■ Next, Allen argues that his conviction for both criminal confinement and battery violate Indiana's constitutional prohibitions against double jeopardy.[1] The Indiana Double Jeopardy Clause provides: "No person shall be put in jeopardy twice for the same offense." Ind. Const. art. I, § 14. "Indiana's Double Jeopardy Clause was intended to prevent the State from being able to proceed against a person twice for the same criminal transgression." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind.1999). Because Allen's analysis so closely parallels our supreme court's recent pronouncement of the Indiana double jeopardy standard in *Richardson,* we will analyze his double jeopardy claim under this standard.

■ In *Richardson,* the court developed a two-part test for determining whether two convictions are permissible. The court explained that "two or more offenses are the 'same offense' in violation of Article I, Section 14, of the Indiana Constitution, if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Id.*

Because Allen makes no claim and we also find no violation under Indiana's statutory elements test, we move to the second test under the Indiana double jeopardy analysis, the actual evidence test, to determine whether each offense was established by separate and distinct facts. *Id.* at 52–53.

■ Pursuant to the actual evidence test, we will reverse one of the convictions if the defendant demonstrates that there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Id.* at 53. Our first task in this analysis is to determine whether there was actual evidence presented at trial that the trier of fact could have used to independently establish the essential elements of the separate offenses. If there was no such evidence presented, then the inquiry is over and the Indiana Double Jeopardy Clause has been violated. *See Id.* at 54. However, if any independent evidence was presented at trial, we must proceed to determine which of the evidentiary facts the jury used in reaching its decision. Although not determinative, such an analysis may be informed by consideration of the jury instructions and presentations of counsel. *See Id.* at 54 n. 48; *McIntire v. State,* 717 N.E.2d 96, 100–101 (Ind.1999).

■ In the instant case, the jury was presented with evidence of confinement well beyond that used to commit the battery. Allen argues that the facts presented at trial reveal that Allen subjected his wife to a continuous battery, and that the actual evidence used to convict him of criminal confinement was the same evidence used to convict him of battery. Specifically, Allen claims that there was not a separate, distinguishable act from the ongoing battery that supported a confinement conviction. Instead, Allen contends that there is a reasonable possibility that the proof of the continuous battery, without a break down as to each specific act performed by Allen in the course of the battery, was used to convict him on both counts. We disagree.

After a thorough review of the record,[2] we find that the facts in this case support convictions for two separate acts, despite

---

1. Allen does not make a federal double jeopardy claim.

2. We note that the Record is replete with evidence of the gruesome nature of these crimes.

their temporal proximity. While Allen was battering Sandra, he repeatedly thwarted her attempts to be free from harm's way. After Allen began yelling and breaking items in Sandra's apartment, Sandra became frightened and attempted to call 911 from the only working telephone in her apartment. However, when Sandra tried to call the police, Allen ripped the telephone from the wall, threw it to the floor, and stepped on it. Sandra then ran to the door and attempted to leave the apartment, but Allen had locked the door. As Sandra tried to open the door, Allen grabbed her by the hair and said, "Where do you think you're going? Who do you think you're gonna [sic] tell?" (R. 576). Allen pulled Sandra to the floor and repeatedly banged her face into the floor until her nose was bleeding, and she was unconscious. When Sandra regained consciousness, Allen was standing over her, kicking her ribs, and stomping on her chest with his cowboy boots. Sandra attempted to sit up but could not because Allen continued to beat her. Eventually, Sandra managed to sit up and Allen said, "I could just kill you." (R. 578). Then, Allen began choking Sandra with his hands until Sandra could not breathe. She again lost consciousness and fell to the floor. Finally, Sandra testified that Allen picked her up from the floor because she was unable to walk or move.

Thus, there was actual evidence presented at trial that the jury could have used to independently establish that Allen's actions went beyond those required to effectuate the battery offense,[3] thereby constituting sufficient evidence to support a finding satisfying the material elements of the separate confinement offense.[4] *See Emery v. State*, 696 N.E.2d 872, 876 (Ind. Ct.App.1998), *aff'd*, 717 N.E.2d 111 (Ind. 1999) (citing *Wethington v. State*, 560 N.E.2d 496 (Ind.1990)). Specifically, *Wethington* held that no double jeopardy violation occurs when the force used to effectuate an offense continues beyond that inherent in the force necessary to effectuate the other crime. *Id.*

The trial court's final instructions to the jury included the statutory definitions of battery and criminal confinement, as well as the reading of the State's formal informations charging battery and criminal confinement. The confinement charge specifically alleged an act of confinement in that Allen knowingly or intentionally confined Sandra without her consent when:

> ... Sandra Allen attempted to flee from her apartment, where Douglas R. Allen was destroying property, and as she tried to unlock the door, Douglas R. Allen grabbed her by the hair, threw her to the floor, and repeatedly slammed her face into the floor, said act resulting in serious bodily injury to Sandra Allen, to-wit: unconsciousness, extreme physical pain, swelling, multiple contusions, and lacerations on her body....

(R. 202–203). Thus, the jury was informed that the act of confinement during the battery could be used to prove the criminal confinement count.

Considering that the jury was presented with actual evidence of confinement well beyond that used to commit the battery, and the trial court's instructions for application of this evidence, we find no reason-

3. The statutory elements for battery, as a Class C felony are as follows:

> Ind.Code § 35–42–2–1(a)(3) states that:
> (a) A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is:
> * * * *
> (3) a Class C felony if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon.

4. The statutory elements for criminal confinement, as a Class B felony are as follows:

> Ind.Code § 35–42–3–3 states that:
> A person who knowingly or intentionally:
> (1) confines another person without the other person's consent;
> * * * *
> commits criminal confinement, a Class D felony. However, the offense is a ... Class B felony if it ... results in serious bodily injury to another person.

able possibility that the evidentiary facts used by the jury to establish the essential elements of criminal confinement may also have been used to establish the essential elements of battery. In one of the companion cases to *Richardson*, our supreme court noted that "[t]o establish that two offenses are the same offense under the actual evidence test, the possibility must be reasonable, not speculative or remote." *Smith v. State*, 717 N.E.2d 1277, 1282 (Ind. Ct.App.1999), *trans. denied*, (quoting *Griffin v. State*, 717 N.E.2d 73, 89 (Ind.1999)). Therefore, by applying the actual evidence test, Allen's convictions for battery and criminal confinement are not the same offense, and there is no violation of the Indiana Double Jeopardy Clause.

### III. Sentence

▆▆▆▆ Finally, Allen argues that the trial court improperly enhanced his sentence because it failed to adequately explain the reasons why the aggravating factors justified enhancing each count to the maximum sentence. "The determination of a defendant's sentence is within the trial court's discretion, and will be reversed only upon a showing of abuse of discretion." *Ballard v. State*, 715 N.E.2d 1276, 1279 (Ind.Ct.App.1999). One aggravating factor alone is sufficient to impose consecutive sentences and to enhance the presumptive sentence. *Buzzard v. State*, 712 N.E.2d 547, 554 (Ind.Ct.App.1999), *trans. denied*. "The trial judge determines the weight to be given any aggravating or mitigating factors during sentencing." *Id.* A trial court is not required to find mitigating factors. *Hunter v. State*, 676 N.E.2d 14, 17 (Ind.1996).

▆▆▆▆ In this case, the trial court found eight aggravating factors and no mitigating factors.[5] The trial judge explained the aggravators at the sentencing hearing and in the written Sentencing Order. One of the aggravators that the court considered was Allen's previous failed attempt at rehabilitation. The trial judge explained that Allen had been previously convicted of battery as set out in the pre-sentence investigation, and that his previous sentence for this conviction and rehabilitative treatment were not effective because the present series of offenses, which included crimes of violence, occurred relatively soon after his previous battery conviction. Further, the trial court found that Allen has a propensity to commit future similar crimes.

Thus, the trial court properly enhanced Allen's sentence because a single aggravating factor alone is sufficient to impose consecutive sentences and to enhance a presumptive sentence. *See Buzzard*, 712 N.E.2d at 554.

### CONCLUSION

Based on the foregoing, the trial court properly denied Allen's motion for change of judge for Allen's failure to establish

---

5. In its Sentencing Order, the trial court stated:

> The Court has weighed the mitigating and aggravating circumstances and finds that the aggravating circumstances outweigh the mitigating and include the following:
> a) The adverse impact on the victim including her emotional and psychological harm and the negative financial impact on her business.
> b) The Defendant has been previously convicted of battery.
> c) The previous sentence and rehabilitative treatment were not effective and that this series of offenses, which included crimes of violence, occurred relatively soon after his previous offense.

> d) The Defendant has a propensity to commit future similar crimes.
> e) The pattern of the Defendant's conduct which extended over a portion of the evening in question.
> f) The Defendant totally disregarded the safety and well-being of the victim.
> g) The particular harm to the victim went beyond that of the elements of the offenses and included gross injury and pain suffered by the victim, which activity and consequences continued over a portion of the evening in question, and which left lasting damage and injury to the victim.
> h) Any lesser sentence would depreciate the seriousness of the offenses and their impact. (R. 245–246).

personal bias or prejudice on the part of the trial judge in this case. Allen's conviction for criminal confinement and battery does not violate Indiana Constitutional prohibitions against double jeopardy because there was actual evidence presented at trial that the jury could have used to independently establish that Allen's actions went beyond those required to effectuate the battery offense, thereby constituting sufficient evidence to support a finding satisfying the material elements of the separate confinement offense. Finally, Allen was properly sentenced.

Affirmed.

KIRSCH, J., and SHARPNACK, C.J., concur.