**Douglas R. ALLEN, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 75S05–0011–CR–623.

Supreme Court of Indiana.

Nov. 3, 2000.

James H. Voyles, Jennifer M. Lukemeyer, Symmes, Voyles, Zahn, Paul & Hogan, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Janet Brown Mallett, Indianapolis, Indiana, Attorneys for Appellee.

## ON PETITION TO TRANSFER

DICKSON, Justice

The defendant, Douglas R. Allen, was convicted of the October 5, 1997, battery,[1] criminal confinement,[2] and intimidation[3] of his estranged wife. His convictions were affirmed by the Indiana Court of Appeals. *Allen v. State,* 725 N.E.2d 472 (Ind.Ct.App. 2000). Seeking transfer, the defendant contends that the Court of Appeals improperly applied the test for reviewing whether the trial court should have granted his motion for a change of judge. We grant transfer to address this issue, sum-

marily affirm the Court of Appeals as to the other issues, and affirm the judgment of the trial court.

The defendant asserts that the trial court erred in denying his motion for change of judge because there was a reasonable basis for doubting the judge's impartiality due to the extra-judicial activities of the judge and his wife with respect to the Starke County Coalition Against Domestic Abuse. In support of his motion for change of judge the defendant submitted his own affidavit, the historical facts of which were certified as true by the separate affidavit of his attorney. The defendant's affidavit stated, in part, as follows:

> That contemporaneously with the defendant's voluntary surrender, prior to the filing of any criminal charges herein and contemporaneously with the defendant's preliminary court appearance ... there was occurring in Knox, Starke County, Indiana, significant and substantial publicity and promotion, concerning a phoneathon ... designed to call the public's attention to and solicit donations for the Starke County Coalition Against Domestic Abuse, said donations to be used in the adaptation and or improvement of a Transitional House, a site to be used as a haven for victims of domestic abuse.

> That the president of the said Starke County Coalition Against Domestic Abuse is Ruth Matsey, the wife of the regular Judge herein, David Matsey.

> The undersigned is informed and verily believes that at said phoneathon ... Judge David Matsey appeared and spoke, presumably in support of the announced objectives and desires of the Starke County Coalition Against Domestic Abuse, of which his wife Ruth Matsey is president.

Record at 31–32. The defendant's affidavit further asserts that, although the Pros-

---

1. IND.CODE § 35–42–2–1(a)(3).

2. IND.CODE § 35–42–3–3(1).

3. IND.CODE § 35–45–2–1(a)(1)(b)(1).

ecuting Attorney's Office requested bond in the amount of $50,000, the trial court set bond in the amount of $100,000.

The defendant's request for a change of judge is governed by Indiana Criminal Rule 12(B):

> In felony and misdemeanor cases, the state or defendant may request a change of judge for bias or prejudice. The party shall timely file an affidavit that the judge has a personal bias or prejudice against the state or defendant. The affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be accompanied by a certificate from the attorney of record that the attorney in good faith believes that the historical facts recited in the affidavit are true. The request shall be granted if the historical facts recited in the affidavit support a rational inference of bias or prejudice.

Rejecting the defendant's claim, the Court of Appeals concluded that the defendant must establish prejudice which must be shown "by the conduct of the trial judge and not inferred from the judge's subjective views" and that reversal for bias or prejudice was warranted only "where the judge had expressed an opinion on the merits of the case, in other words, on the issue of guilt or innocence." *Allen,* 725 N.E.2d 472 at 475 (*citing Kail v. State,* 528 N.E.2d 799, 804 (Ind.Ct.App.1988)). This standard was superseded by the adoption of the present language of Criminal Rule 12(B).[4]

 Under the applicable procedure, a change of judge is neither "automatic" nor "discretionary." *Blanche v. State,* 690 N.E.2d 709, 714 (Ind.1998). A party is entitled to a change of judge only "if the historical facts recited in the affidavit support a rational inference of bias or prejudice." Crim.R. 12(B). This is not limited to cases in which the judge has expressed an opinion on guilt or innocence or the merits of the case. It does not depend on a subjective showing that the trial judge is actually biased or prejudiced. In considering a motion for change of judge, the challenged judge's ruling does not depend upon a self-assessment of actual bias or prejudice. The judge must instead determine whether the historical facts presented in support of the motion lead to a rational inference of bias or prejudice.

 Upon appeal of this decision, the standard of review is not whether the judge's decision was an abuse of discretion but rather whether it was clearly erroneous. *Sturgeon v. State,* 719 N.E.2d 1173, 1182 (Ind.1999).[5] Furthermore, we note that when Criminal Rule 12 was substantially revised in 1995, separate subsections (B) and (C) were created to distinguish cases involving felonies and misdemeanors from those involving infractions and ordinance violations. The former rule, expressly providing that rulings on motions for change of judge in criminal actions "may be reviewed only for abuse of discretion," former Ind.Crim.R. 12 (1981), was retained in the new subsection (C) for

---

4. Subsection (B), which applies to felony and misdemeanor cases, was added to Criminal Rule 12 effective July 1, 1995. December 5, 1994, Order Amending Rules of Criminal Procedure Relating to Change of Judge (found in volume 641–642 of Ind. Cases ed. of N.E.2d at XLII, XLVII). In *Sturgeon v. State,* 719 N.E.2d 1173, 1181 n. 4 (Ind.1999), we previously misstated the effective date for the addition of subsection (B) as February 1, 1995, based on IND.CODE ANN. tit. 35, app., Court Rules (Criminal) (West 1981 & Supp.1999) (Historical Note regarding Crim.R. 12).

5. Relying on *Harrison v. State,* 644 N.E.2d 1243, 1249 (Ind.1995), the Court of Appeals asserted that a "ruling on a change of judge motion lies within the sound discretion of the trial court and will be reversed only upon a clear showing of an abuse of that discretion." *Allen,* 725 N.E.2d at 475. *Harrison,* however, was decided on January 4, 1995, under the former rule, before the effective date of subsection (B). Similarly, the defendant urges application of the Chief Justice's statement denying reconsideration of his recusal in *Tyson v. State,* 622 N.E.2d 457 (Ind.1993), which also preceded the adoption of subsection (B).

infractions and ordinance violations. As to felonies and misdemeanors, however, the new subsection (B) omitted the "abuse of discretion" standard of review. As in *Sturgeon,* the defendant appeals from felony convictions.

■ The issue presented is thus whether the trial judge, in determining whether the historical facts recited in the affidavit support a rational inference of bias or prejudice, was clearly erroneous. The defendant notes that he was charged with violent offenses against his wife and argues that the trial judge could not impartially sit on this case because of the involvement of the judge and his wife in the fight against domestic violence. In essence, the defendant's affidavit asserts that the trial judge's wife is president of the Starke County Coalition Against Domestic Abuse, that the judge appeared and spoke at a local radio phoneathon designed to publicize the organization and to solicit donations for a haven for victims of domestic abuse, and that the trial judge set bail higher than that requested by the State. The affidavit presents no facts regarding the content of the judge's remarks at the phoneathon. It presents no facts suggesting that the organization functions in an advocacy role seeking to influence the outcome of judicial proceedings.

As to the judge's wife's involvement in an organization devoted to preventing domestic abuse and to providing shelter for its victims, we decline to find a rational inference that the judge was thereby biased or prejudiced. We likewise find no rational inference of bias or prejudice in the judge's determination of initial bond.

The personal appearance of the judge in the phoneathon presents a more difficult question. The Indiana Code of Judicial Conduct requires that judges "shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Ind. Judicial Conduct Canon 2(A). A judge must not "allow family, social, political, or other relationships to influence the judge's judicial conduct or judgment." Jud. Canon 2(B). The Code generally permits a judge to speak and participate in extra-judicial activities "concerning the law, the legal system, the administration of justice, and non-legal subjects." Jud. Canon 4(B).[6] This is a valuable component of the public service provided by the judiciary:

> As a judicial officer and person specially learned in the law, a judge is in a unique position to contribute to the improvement of the law, the legal system, and the administration of justice, including revision of substantive and procedural law and improvement of criminal and juvenile justice. To the extent that time permits, a judge is encouraged to do so, either independently or through a bar association, judicial conference or other organization dedicated to the improvement of the law. Judges may participate in efforts to promote the fair administration of justice, the independence of the judiciary, and the integrity of the legal profession, . . . .

Jud. Canon 4(B), cmt.

While not strictly a bar association or judicial conference, an organization serving victims of domestic violence is not unlike various organizations dedicated to the improvement of the law. Indiana judges routinely appear and often speak at functions of organizations seeking, for example, to advance juvenile justice, to improve criminal rehabilitation, to prevent crime, and to encourage mediation and other alternative dispute resolution methods. This participation does not raise a rational inference of bias or prejudice if such judges preside over juvenile cases, criminal sentencing proceedings, probation revocation hearings, or jury trials. So it is with this

---

6. The facts asserted in the defendant's affidavit raise the possibility that the judge's conduct violated the proscription against speaking at an organization's fund-raising event.

See Jud.Canon 4(C)(3)(b), cmt.; *but cf.* Ind. Comm'n. on Jud. Qualifications, Advisory Op. 1–96 (1996). This possibility, however, is not relevant to the issue of bias or prejudice.

judge's appearance and participation with an organization seeking to assist the victims of domestic violence.

Because the historical facts recited in the defendant's affidavit do not support a rational inference of bias or prejudice, we decline to find error in the trial court's denial of the defendant's motion for change of judge. In all other respects, the opinion of the Court of Appeals is summarily affirmed. Ind. Appellate Rule 11(B)(3). The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.